UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 4:21-MJ-1169 JMB |
| ) | |
| FREEMAN WHITFIELD IV, ) | **FILED UNDER SEAL** |
| ) | |
| Defendant. ) | |

**AMENDED MOTION FOR PRETRIAL DETENTION AND HEARING.**

Comes now the United States of America, by and through its Attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and John R. Mantovani, Assistant United States Attorney for said District, and amends it's May 3, 2020 motion to the Court to order defendant detained pending trial, and continues to request that a detention hearing be held three (3) days from the date of defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, §3141, et seq.   The Government continues and/or renews it's original motion for pre-trial detention and further supplements that motion with following:

**Presumption of Detention.**

1.   Defendant is charged by complaint with Count 1) conspiracy to distribute fentanyl, fentanyl analogues, and heroin under 21 U.S.C. §841(a)(1) and §846; Count 2) murdering victim Antonio Boyd by discharging a firearm in furtherance of a drug trafficking crime under 18 U.S.C. §924(c), §924(j), and §1111; and count 3) shooting C.W. by discharging a firearm in furtherance of a drug trafficking crim under 18 U.S.C. §924(c).  Count 2 is an offense for which the punishment of the death penalty or life imprisonment is prescribed under 21 U.S.C. §924(j).  Not only is the most serious level of crime codified in federal statue, the maximum is in excess of the

10-year requirement under 18 U.S.C. §3142(e)(3)(A) that triggers a presumption of detention. Under 18 U.S.C. §3142(e)(3), "subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and safety of the community" following a probable cause finding of the commission of the prescribed offenses.

**Factors in Favor of Detention.**

2. Further, pursuant to 18 U.S.C. §3142(g), the nature and seriousness of the danger to any person or the community that would be posed by defendant's release, warrant the defendant's pre-trial detention. This danger to community is demonstrated by the following: (i.) the defendant's murder of Antonio Boyd and shooting of C.W.; (ii.) the defendant's continued distribution of fentanyl from 2019 to the present date; (iii.) the defendant's possession of fentanyl for distribution and a tactical arsenal of firearms to protect that distribution seized on May 4, 2021; and (iv.) the defendant's prior criminal record.

    i.)    <u>Murder of Antonio Boyd and Shooting of C.W.</u>

3. As detailed in the filed affidavit attached to the complaint, the defendant traveled from Berkeley, Missouri to the victim Boyd's home at 2522 West Palm in the City of St. Louis. As the defendant arrived, victim Boyd was working on a vehicle with another victim, C.W., in Boyd's front yard. The defendant pointed a .45 caliber firearm at Boyd and C.W. and fired multiple times. Boyd was struck and killed, and C.W. was struck and seriously injured. Victim Boyd, at the time of his murder, was a cooperating witness for the prosecution in *United States v. Guy Goolsby et al.* 4:19-CR-412 AGF (PLC.) During a proffer in late 2019 in connection with that prosecution, victim Boyd identified the defendant as a drug distributor and "shooter" for the

Guy Goolsby Drug Trafficking Organization (DTO).[1]  It is believed the motive behind the murder was an attempt by the defendant to silence a government cooperator from assisting in the prosecution of the defendant and other members of the Goolsby DTO.  The defendant's actions in show he his danger and that he will resort to deadly violence to avoid being help responsible for his criminal activity.  Further, during his indiscriminate firing at Boyd, the defendant also stuck and seriously injured C.W., who by all accounts was an uninvolved by-stander, illustrating the defendant's complete disregard for the sanctity of human life.

        ii.)       Defendant's Continued Distribution of Fentanyl from 2019 to Present.

        4.       As also detailed in the affidavit for the criminal complaint, the defendant was first identified in early 2019 as mid-level distributor for Guy Goolsby based on court-authorized intercepts of Goolsby's cellular communication and covert physical surveillance by investigators.[2]  Using the intercepts from Goolsby telephone, the defendant was observed by investigators conducting sales of fentanyl to customers and also assisted another drug distributor working for Goolsby.  Goolsby and many of members of the organization were arrested in May of 2019 and indicted in June of that year.

        5.       Investigators continued to investigate the defendant after Goolsby's arrest and confinement.  Throughout 2020, investigators observed defendant conducting hand-to-hand drug transactions and one at least one occasion an undercover officer purchased fentanyl directly from the defendant.  By early 2021, investigators had narrowed down the defendant's daily criminal

---

[1] "Shooter" is slang-term for an enforcer for a drug trafficking organization that will use violence and firearms at the direction of the higher-level members of the organization to collect drug debts, attack and/or intimidate potential informants or rival distributors, and protect stashes of drugs or drug proceeds.

[2] At that time, investigators had not yet fully identified the defendant.  Victim Boyd identified a picture of the defendant at the outset of his cooperation with investigators in late 2019.  Investigators who has observed the yet-to-be identified defendant confirmed that the individual they had observed was, in fact, the defendant.

routine. In March and April of 2021, the defendant was residing at his paramour's apartment at 12388 Tributary Drive, Apartment I, Maryland Heights, Missouri (Subject Location #1). Almost every morning, the defendant would wake up and travel to 275 Union Boulevard, Apartment 517, St. Louis, Missouri (Subject Location #2) in a rental vehicle and carrying man-bag or backpack. He would enter Subject location #2 for a short period of time, exit, and re-enter his rental vehicle *du jour*. The defendant would then drive around to various locations in St. Louis City to conducted car-to-car fentanyl sales.[3] In one instance, investigators observed a line of drug purchasers waiting bumper to bumper waiting to pull up to the driver-side of the defendant's rental vehicle to purchase fentanyl. Following his completion of his daily sales, the defendant would return to Subject Location #2 for a short period of time and then return to Subject Location #1 for the night.

    iii.)    <u>Defendant's Possession of Fentanyl and Tactical Arsenal.</u>

6. On May 4, 2021, investigators executed court-authorized search warrants on Subject Locations #1 and #2 and executed the arrest warrant for the defendant authorized by this Court on May 3, 2021. The defendant was arrested at approximately 8:00am in Subject Location #1. During the search of Subject Location #1, investigators located and seized the following: a loaded Draco AK-style pistol with loaded spare 40 round and 30 round magazines in a backpack the defendant had been seen wearing the day before; a loaded FN FiveseveN 5.7x28mm semi-automatic pistol with spare loaded 20 and 30 round magazines; a loaded Alien Armory AR-style

---

[3] A "car to car" transaction is two vehicles pulling up to each other so the driver's side windows are facing each other close enough for the drivers to exchange physical items. This allows for drugs, money, or other contraband to be quickly traded by the drivers in a fashion that is reasonably concealed from the view of any surveilling law enforcement. This tactic is often used by street-level drug distributors to conduct drug exchanges quickly and efficiently.

7.62x39mm semiautomatic pistol with 3 extra loaded 30 round magazines in another backpack; and approximately $3,000.00 in drug proceeds.

7. During the simultaneous search of Subject Location #2, investigators located and seized the following: a brick of fentanyl weighing approximately 1,217 grams; a loaded AR-15 style 5.56x45mm semi-automatic pistol; a loaded Glock 10mm semi-automatic pistol with loaded 30 and 15 round spare magazines; numerous loaded 75 round, 60 round, 50 round, 40 round and 30 round high capacity and drum magazines for the AR and AK style pistols like those seized at Subject Locations #1 and #2; thousands of rounds of ammunition, including 5.56x45mm, 7.62x39mm, 10mm, 5.7x28mm, .40 S&W, and .45 ACP; a tactical ballistic vest with Level III body armor plates designed to resist high-velocity rifle rounds; another set of Level III body armor plates; a police scanner to monitor law enforcement communications; a "Bug Detector and Preventor"[4]; the original packaging for the FN FiveseveN pistol seized at Subject Location #1; various tactical flashlights for the firearms; mobile tactical radios; other tactical gear, vests, and ammunition pouches; approximately $3,000.00 in drug proceeds; digital scales used for measure controlled substances for distribution; and at least six different cellular telephones.[5]

8. Investigators seized all of the above items associated with the defendant's arsenal. The following is a photograph of the firearms, magazines, ammunition, body armor, and tactical gear seized (this photograph does not include a picture of the 1,217 grams of fentanyl):

---

4    The "Bug Detector and Protector" appears to be device designed to locate covert surveillance devices in residences or in vehicles including the types used by law enforcement to track vehicles and monitor areas.

5    The Government anticipates that in the near future the defendant will be charged with more crimes relating to the 2020 to 2021 DEA investigation and the seizures from Subject Locations #1 and #2 on May 4 2021, including conspiracy to distribute and to possess with intent to distribute over 400 grams of fentanyl and/or possession with intent to distribute over 400 grams of fentanyl under 21 U.S.C. §841(a)(1) and §846, possession of firearms in furtherance of a drug trafficking crime under 18 U.S.C. §924(c), and felon in possession of firearms and ammunition under 18 U.S.C. §922(g).



8.      Finally, the defendant's distribution of fentanyl and his possession of weapons to protect that distribution pose a danger to the community.  The defendant is a part of an organization that imports, transports, and delivers large quantities of fentanyl, fentanyl analogues, and heroin into the United States.   In the past years and in record numbers, overdose deaths from fentanyl and fentanyl analogues have skyrocketed.  The dangers of fentanyl and other synthetic opiates stem from their potency and the mixing methods used by the traffickers and the various levels of distributors.   Often a user will have no understanding of the strength of fentanyl/fentanyl analogue/heroin mixture they have illegally purchased.   The complete lack of regulation and the desire of traffickers to maximize their profits over their customers' safety, make fentanyl and its' analogues some of the most dangerous drugs to be sold illegally throughout the United States.

The defendant is an integral part of this trafficking organization and there is no reason to believe that he will transition away from this profitable illicit business if he is released.

    iv.)    Defendant's Prior Criminal History.

9. Although the defendant is only 27 years old, he has already massed numerous felony criminal convictions. In 2014, the defendant was convicted of tampering 1st degree in Circuit for the City of St. Louis under cause number 1122-CR-7000 and felony possession of a controlled substance under cause number 1322-CR-2593. In 2017, he was convicted for unlawful possession of a firearm and sentenced to 5 years in the Missouri Department of Corrections (MDC) for an incident occurring on August 15, 2015 under cause number 1522-CR-4189. At that same time, he was sentenced to the 2015 case, he was convicted of distribution of a controlled substance, unlawful possession of firearm, and felony resisting arrest stemming from a June 16, 2016 arrest and sentenced to a concurrent 5-year suspended execution of sentence (SES) under 1622-CR-2681. Also, in 2017, he was convicted of two counts of distribution of a controlled substance from a June 6, 2016 incident and a June 9, 2016 incident under 1622-CR-4592. He received a concurrent 10-year SES on that case. The defendant remained on probation for those offenses until April of 2020 and was on probation during the commission of murder/shooting and the conspiracy as charged in count 1 of the complaint.

10. The defendant's criminal history illustrates his inability to cease the distribution of controlled substances and possessing firearms. Further, the defendant's substantial criminal history places him as potential Career Offender under the United States Sentencing Guidelines and make him eligible for the filing a 21 U.S.C. §851 information detailing his three drug distribution convictions for a serious drug felonies. If and when the defendant is charged with possession with intent to distribute more than 400 grams of fentanyl for his possession of the 1217 grams of

fentanyl on May 4, 2021 and if his distribution convictions are affirmed as serious drug felonies by the court, the defendant will be subject to a mandatory minimum of 25 years imprisonment under 21 U.S.C. §841(b)(1)(A). The threat of the death penalty or life imprisonment on the murder charge and a mandatory minimum 25 years of incarceration on upcoming charges would be more than enough to override reason and tempt the defendant to flee the jurisdiction to avoid punishment.

WHEREFORE, the Government maintains and/or renews its' request to this Court to order defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of defendant's initial appearance.

SAYLER A. FLEMING
United States Attorney

*/s/ John R. Mantovani*
JOHN R. MANTOVANI, #50867MO
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that May 4, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the parties.

*/s/ John R. Mantovani*
JOHN R. MANTOVANI, #50867MO
Assistant United States Attorney